IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRUCE DEREK SPRING,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STATE OF UTAH EMPLOYEES, et al.,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER TO CURE DEFICIENT COMPLAINT**<br><br>Case No. 1:24-cv-4-TC<br><br>Judge Tena Campbell |

　　　　Plaintiff Bruce Derek Spring, who is a self-represented inmate at the Utah State Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983.[1] The court has screened Mr. Spring's Amended Complaint (ECF No. 11) under its statutory review function. See 28 U.S.C. § 1915A.[2] The court now orders Mr. Spring to file a Second Amended Complaint to cure the deficiencies of the Amended Complaint before further pursuing his claims.

---

[1] The federal statute creating a "civil action for deprivation of rights" reads:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. AMENDED COMPLAINT'S DEFICIENCIES

The court notes the following deficiencies and provides guidance below concerning specific issues. The Amended Complaint:

(1) names as defendants "State of Utah employees," which is too broad, as each individual defendant must be named separately and separately linked to each specific claim;

(2) improperly alleges civil rights violations on a respondeat superior theory;

(3) names a judge as a defendant without considering judicial immunity;

(4) asserts claims that may be invalidated by the rule in Heck v. Humphrey, 512 U.S. 477 (1994);

(5) asserts claims attacking the validity of Mr. Spring's incarceration, which must be timely exhausted in the state court system before being brought in a federal habeas corpus petition and not in a civil rights complaint;

(6) names a prosecutor as a defendant, without considering prosecutorial immunity;

(7) does not affirmatively link specific civil rights violations to specific defendants;

(8) purports to bring a class action, even though Mr. Spring may not represent a class as a pro se litigant. See McGoldrick v. Werholtz, 185 F. App'x 741, 744 (10th Cir. 2006) ("[B]ecause plaintiffs are pro se, the district court would have abused its discretion if it had certified a class action.").

## II. GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction …; (2) a short and plain

---

(b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

2

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought ….." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Commc'ns Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from meeting these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for [a] pro se litigant." Id. Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989).

### A. General Considerations

Mr. Spring should consider these general points before filing an amended complaint:

(1) The amended complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may not be added to after it is filed without moving for amendment. Fed. R. Civ. P. 15.

(2) Each defendant must be named in the complaint's caption, listed in the section of the complaint setting forth the names of each defendant, and affirmatively linked to applicable claims within the "cause of action" section of the complaint.

(3) The complaint must clearly state what each defendant—typically, a named government employee—did to violate Mr. Spring's civil rights. See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is an essential allegation in a civil rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" Stone v. Albert, 338 F. App'x 757, 759 (10th Cir. 2009) (quoting Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)). Mr. Spring should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(4) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Mr. Spring should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim. Robbins, 519 F.3d at 1248 ("The [Bell Atlantic Corp. v.] Twombly Court was particularly critical of complaints that 'mentioned no specific, time, place, or person involved in the alleged [claim].' [550 U.S. 544, 565] n.10 (2007). Given such a complaint, 'a defendant seeking to respond to plaintiffs' conclusory allegations … would have little idea where to begin.' Id.").

(5) Mr. Spring may not name an individual as a defendant based solely on that individual's supervisory position. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996).

(6) The bare denial of a grievance, "by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009).

(7)  "No action shall be brought with respect to prison conditions under [Federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  But Mr. Spring need not include grievance details in his complaint.  Failure to exhaust administrative remedies is an affirmative defense that must be raised by Defendants.  Jones v. Bock, 549 U.S. 199, 216 (2007).

### B. Respondeat Superior

In asserting a § 1983 claim against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Consequently, there is no respondeat superior liability under § 1983.  See id.; Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Entities may not be held liable on the sole ground of an employer-employee relationship with a claimed tortfeasor.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 689 (1978).  Supervisors are considered liable for their own unconstitutional or illegal policies only, and not for employees' tortious acts.  See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

### C. Judicial Immunity

It is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims."  Segler v. Felfam Ltd. P'ship, 324 F. App'x 742, 743 (10th Cir. 2009) (quoting Stump v. Sparkman, 435 U.S. 349, 356–57 (1978)).  If the judges here were acting in a judicial capacity in presiding over Mr. Spring's case(s), their actions are entitled to absolute immunity.  See Doran v. Sanchez, 289 F. App'x 332, 332 (10th Cir. 2008).

### D. Heck

Mr. Spring's claims appear to include some allegations that, if true, may invalidate his conviction or sentence. "In Heck, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." Nichols v. Baer, 315 F. App'x 738, 739 (10th Cir. 2009) (citing Heck v. Humphrey, 512 U.S. 477, 486–87 (1994)). Heck keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). Heck clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Mr. Spring argues that his constitutional rights were breached in a way that appears to attack his imprisonment. Heck requires that, if a plaintiff requests § 1983 damages, the court must decide whether judgment for the plaintiff would unavoidably imply that a plaintiff's incarceration is invalid. Id. at 487. Here, it seems it would. If this court were to conclude that Mr. Spring's constitutional rights were violated according to his allegations, that decision would imply that Mr. Spring's incarceration were invalid. As a result, these claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. Mr. Spring's sentence does not appear to have been invalidated, so Heck may act as a bar to some of his claims.

6

### E. Prosecutorial Immunity

Prosecutors acting within the scope of their duties enjoy absolute immunity from suit under § 1983. Imbler v. Pachtman, 424 U.S. 409, 424 (1976). The prosecutors' acts, as alleged by Mr. Spring, relate to advocacy in court. As a result, prosecutor defendants may be entitled to absolute prosecutorial immunity from this lawsuit.

### F. Unconstitutional Search and Seizure

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Fourth Amendment rights are enforceable against state actors through the Fourteenth Amendment. See Mapp v. Ohio, 367 U.S. 643, 655 (1961). "[A] search conducted without a warrant … [or] pursuant to consent" is illegal. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). But "[o]fficial conduct that does not 'compromise any legitimate interest in privacy' is not a search subject to the Fourth Amendment." Illinois v. Caballes, 543 U.S. 405, 409 (2005) (quoting United States v. Jacobsen, 466 U.S. 109, 123 (1984)). Therefore, in addition to absence of a warrant or consent, a plaintiff must show 1) an expectation of privacy in the place searched or property seized; and 2) that the expectation of privacy is objectively reasonable. See Katz v. United States, 389 U.S. 347, 516 (1967) (Harlan, J., concurring). A reasonable expectation of privacy is one "that has a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society." United States v. Jones, 565 U.S. 400, 408 (2012) (cleaned up).

7

### G. Affirmative Link

A plaintiff who brings a constitutional claim under § 1983 can't obtain relief without first satisfying the personal participation requirement:

> That is, the plaintiff must demonstrate the defendant "personally participated in the alleged constitutional violation" at issue. [Vasquez v. Davis, 882 F.3d 1270, 1275 (10th Cir. 2018).] Indeed, because § 1983 is a "vehicle[] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013); see also Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008) (explaining that when plaintiff brings § 1983 claims against multiple defendants "it is particularly important … that the complaint make clear exactly who is alleged to have done what to whom"); Tonkovich v. Kan. Bd. of Regents, 159 F.3d 504, 532-33 (10th Cir. 1998)) (holding that district court's analysis of plaintiff's § 1983 claims was "infirm" where district court "lump[ed]" together plaintiff's claims against multiple defendants—"despite the fact that each of the defendants had different powers and duties and took different actions with respect to [plaintiff]"—and "wholly failed to identify specific actions taken by particular defendants that could form the basis of [a constitutional] claim").

Estate of Roemer v. Johnson, 764 F. App'x 784, 790-91 (10th Cir. 2019) (footnote omitted).

"A plaintiff's failure to satisfy this requirement will trigger swift and certain dismissal." Id. at 790 n.5. Indeed, the Tenth Circuit has "gone so far as to suggest that failure to satisfy the personal-participation requirement will not only justify dismissal for failure to state a claim; it will render the plaintiff's claim frivolous." Id.

### III. MOTIONS FOR APPOINTED COUNSEL

Mr. Spring also moves for appointed counsel. (ECF Nos. 10 & 12.)

"As a civil litigant, [a plaintiff] has no Sixth Amendment right to counsel." Johnson v. Johnson, 466 F.3d 1213, 1217 (10th Cir. 2006). And the court lacks authority to appoint counsel, although federal statute authorizes the court to ask counsel to agree to represent an

8

indigent plaintiff free of charge.³  See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); McCleland v. Raemisch, No. 20-1390, 2021 WL 4469947, at *5 n.3 (10th Cir. Sept. 30, 2021) (explaining that, in a civil case "when [the court] refer[s] to appointing counsel, [the court] really refer[s] to a request that an attorney take the case pro bono").  Mr. Spring bears the burden of convincing the court that his claims have enough merit to warrant the appointment of counsel.  McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).  But "[i]t is not enough" for Mr. Spring to argue that he needs help "in presenting his strongest possible case, as the same could be said in any case." Steffey v. Orman, 461 F.3d 1218, 1223 (10th Cir. 2006) (cleaned up).

---

³ The Tenth Circuit has noted:

> Each year, the district court receives hundreds of requests for legal representation and only a small number of attorneys are available to accept these requests. Accordingly, the district court must use discretion in deciding which cases warrant a request for counsel. To do otherwise would deprive clearly deserving litigants of an opportunity to obtain legal representation. The dilemma is unfortunate for litigants [denied counsel]. But the dilemma [i]s not the district court's fault; that dilemma [i]s the product of the court's lack of authority to compel legal representation or to reimburse attorneys for their time.

Rachel v. Troutt, 820 F.3d 390, 397 n.7 (10th Cir. 2016); see also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296, 298 (1989) (holding that courts may not "require an unwilling attorney to represent an indigent litigant in a civil case"); Greene v. U.S. Postal Serv., 795 F. App'x 581, 583 (10th Cir. 2019) ("In most legal communities, only a limited number of attorneys are willing to take these cases.  Thus, the district court [must] decide how to maximize the benefit from these local resources."); Gross v. GM LLC, 441 F. App'x 562, 567 (10th Cir. 2011) (observing that courts rarely request counsel to represent parties in civil actions); Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992) (cautioning courts that indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time").

Instead, in deciding whether to ask volunteer counsel to represent Mr. Spring free of charge, the court considers a variety of factors, such as "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Williams, 926 F.2d at 996; accord McCarthy, 753 F.2d at 838–39. Considering the above factors, the court concludes that—at this time—Mr. Spring's claims may not be colorable, the issues in this case are not complex, and Mr. Spring is not too incapacitated or unable to adequately function in pursuing this matter. Therefore, at this time the court denies without prejudice Mr. Spring's motions to appoint counsel. (ECF Nos. 10, 12.)

## ORDER

IT IS HEREBY ORDERED as follows:

1. Within **thirty days**, Mr. Spring must cure the Amended Complaint's deficiencies noted above by filing a document titled "Second Amended Complaint" that does not refer to or include any other document.

2. The Clerk of Court shall mail Mr. Spring the Pro Se Litigant Guide with a blank-form civil rights complaint which Mr. Spring must use to pursue a Second Amended Complaint.

3. If Mr. Spring fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

4. The Second Amended Complaint shall not include any claims outside the dates and allegations of transactions and events contained in the Amended Complaint. The court will not address any such new claims or outside allegations, which will be dismissed. If Mr. Spring wishes to raise other claims and allegations, Mr. Spring may do so only in a new complaint in a

new case. If a Second Amended Complaint is filed, the court will screen each claim and defendant for dismissal or an order effecting service upon valid defendants who are affirmatively linked to valid claims.

     5.     Mr. Spring must tell the court of any address change and comply in a timely manner with court orders. See D. Utah Civ. R. 83-1.3(e) ("In all cases, counsel and parties appearing pro se must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

     6.     Time extensions are disfavored, though reasonable extensions may be granted. Any motion for time extension must be filed no later than **fourteen days** before the deadline to be extended.

     7.     No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

     8.     Mr. Spring must observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or pro se party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of

11

Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

      9.      Mr. Spring's motions for appointed counsel (ECF Nos. 10 & 12) are DENIED. But if, after the case develops further, it appears that counsel may be needed or of specific help, the court may ask an attorney to appear pro bono on Mr. Spring's behalf. The court will continually reevaluate the need for counsel; as a result, no further motions for appointed counsel are needed.

      DATED this 19th day of February, 2025.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge